IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DARRELL FLOYD, | : |
| Plaintiff | : |
| VS. | : |
| CITY OF DOTHAN, ALABAMA, | :   NO. 1:05-cv-114(WLS) |
| Defendant | :   **ORDER** |

Plaintiff **DARRELL FLOYD** brings this *pro se* civil rights action under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

In his "verified statement of claim," plaintiff alleges that on or about May 16, 2004, he was arrested by unidentified officers with the Dothan City Police Department. During the course of the arrest, the police apparently used a "taser, stun gun or other electrical shocking device" on plaintiff, and he was physically scarred as a result. Plaintiff further alleges that while he was confined in an unidentified jail, officers again used an electrical shocking device on him, causing permanent scars. Plaintiff alleges that he was denied medical treatment, and saw a doctor upon his release from prison, at which time his injuries had become infected. Plaintiff asserts that both instances of force were unnecessary. Plaintiff sues the City of Dothan, Alabama for damages resulting from his wrongful arrest and incarceration, and the use of the shocking device.

The Court notes that venue in this district is improper. The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:
    A civil action wherein jurisdiction is not founded solely on diversity of

Floyd v. City of Dothan, AL   Doc. 3

> citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

The City of Dothan, Alabama, is located in Houston County, Alabama, within the Middle District of Alabama. 28 U.S.C. § 81(b)(2). Accordingly, the proper venue for plaintiff's claims is the Middle District of Alabama, not this district.

Pursuant to 28 U.S.C. § 1404(a), a district court may, in the interests of justice, transfer a civil action filed in the wrong district. Because the events giving rise to plaintiff's claims occurred in Dothan, Alabama, this action should have been filed in the Middle District of Alabama. Consequently, transfer to that district is appropriate.

Accordingly, the Court hereby **DIRECTS** the Clerk of the Court to **TRANSFER** this action to the Middle District of Alabama, Southern Division.

**SO ORDERED**, this **29th** day of **August**, 2005.

_____
W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT